19 F.3d 29
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Juan Jose AYALA-ARROYO, Defendant-Appellant.
 No. 93-30069.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 8, 1994.*
Decided March 10, 1994.
 
 1
 Before: BROWNING, KOZINSKI and NOONAN, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 Juan Jose Ayala-Arroyo appeals his conviction of having unlawfully reentered the United States having previously been deported following conviction of an aggravated felony in violation of 8 U.S.C. Sec. 1326. We affirm his conviction.
 
 FACTS
 
 4
 On January 8, 1992 Ayala pleaded guilty in the Circuit Court of the State of Oregon to the felony of unlawful delivery of a controlled substance. Under Oregon law, having pleaded guilty, he could only appeal his sentence. Oregon Revised Statutes 138.053. The appeal period expired February 7, 1992.
 
 
 5
 On January 30, 1992 a deportation hearing was held, and Ayala was ordered deported. He illegally reentered the United States the same day. On June 22, 1992 he was arrested on a traffic violation warrant. On July 8, 1992 he was charged with the crime of which he was convicted in this proceeding. He moved to dismiss the indictment on the ground that the deportation hearing had been illegal. The court denied the motion, and he was convicted. He appeals on three grounds.
 
 ANALYSIS
 The Validity of the Deportation Order
 
 6
 Ayala vigorously attacks the validity of the deportation order, contending that his Oregon conviction was not final since the appeal period had not run. He fails, however, to show prejudice because he could only have appealed his sentence; he had admitted his guilt. Admitting his guilt, he admitted being a person not of good moral character as defined by 8 U.S.C. Sec. 1101. Consequently, there was no alternative except his deportation.
 
 The Certificate of Conviction
 
 7
 Ayala challenges the copy of his conviction that was introduced into evidence. The government, however, followed a method permitted by Federal Rule of Evidence 902, and use of this rule complied with Federal Rule of Civil Procedure 44(c) and Federal Rule of Criminal Procedure 27.
 
 Downward Departure
 
 8
 There is no jurisdiction to consider an argument objecting to the court's failure to depart downward if the court has exercised its discretion in choosing not to depart downward. Judge Hogan exercised his discretion.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3